# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WAYNE BLAIR, JR, | CASE NO. 1:07-cv-01601-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 2) |
| Defendants. | |

**I.    Screening Requirement**

Plaintiff Billy Wayne Blair Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 5, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Summary of Plaintiff's Complaint

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran. Plaintiff alleges a violation of the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. Plaintiff names the California Department of Corrections, Jim Tilton, Ken Clark and N. Grannis as defendants. Plaintiff seeks injunctive relief and his immediate release from prison.

Plaintiff alleges that defendant Tilton erroneously approved plaintiff's commitment and/or failed to correct and/or modify plaintiff's commitment order and disposition. Plaintiff alleges that defendant Grannis violated plaintiff's due process rights by failing to consider his administrative appeal. Plaintiff alleges that defendant Clark is the warden and retains custody over the plaintiff.

### A.     Writ of Habeas Corpus

Plaintiff requests that he immediately be released. Plaintiff states that defendant Clark currently retains custody of plaintiff, and that defendant Tilton erroneously approved plaintiff's commitment.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

If plaintiff wishes to challenge his conviction and/or custody duration, his sole remedy is a petition for writ of habeas corpus, and not a section 1983 claim. Plaintiff fails to state a cognizable

claim as against defendants Clark or Tilton

### B. Ex Post Facto Clause

Plaintiff alleges that a registration requirement attached as a condition of his parole violates the Ex Post Facto Clause because it was not imposed during his sentencing. Plaintiff alleges that the violation was committed by CDCR

First, plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Second, a law violates the Ex Post Facto Clause under three circumstances: (1) when it punishes an act which was not a crime when it was committed; (2) when it makes a crime's punishment greater than when the crime was committed; or (3) when it deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990).

Even if CDCR was not immune from suit, plaintiff has not alleged that the state has enacted any law that retroactively imposed additional punishment. His disagreement with the conditions attached to his parole does not state a cognizable claim for violation of the Ex Post Facto Clause.

### C. Inmate Appeals Process

Plaintiff alleges that defendant Grannis violated his rights to due process by failing to address his inmates appeals. Plaintiff contends that the appeals process is inadequate.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive

1  right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.
2  DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
3  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
4  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure
5  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,
6  it does not give rise to a protected liberty interest requiring the procedural protections envisioned by
7  the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.
8  Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve
9  as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

10  Defendant Grannis' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendant Grannis violated his rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

**III.   Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted. Given the deficiencies with plaintiff's complaint, the court recommends that plaintiff not be given leave to amend. Lopez v. Smith, 203 F.3d 1122.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 20, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

4